PER CURIAM.
The board of governors of The Florida Bar has petitioned the Court to amend article XI of the integration rule in regards to unidentifiable trust fund accumulations, resignation and reinstatement, and review of grievance committee action by designated reviewers.[1] After reviewing these proposed amendments, we adopt them as modified.[2] Rules 11.02(4)(e), 11.08(5) and (6), 11.11, 11.11(9), and 11.04(7) are, therefore, amended as follows:
11.02(4)
(e) Unidentifiable trust fund accumulations and trust funds held for missing owners. When an attorney’s trust account contains an unidentifiable accumulation of trust funds or property, or trust funds or property for missing owners, such funds or property shall be so designated. Diligent search and inquiry shall then be made by the attorney to determine the beneficial owner of any unidentifiable accumulation or the address of any missing owner. If the beneficial owner of an unidentified accumulation is determined, the funds shall be properly identified as his trust property. If a missing beneficial owner is located, the trust funds or property shall be paid over or delivered to the beneficial owner if he is then entitled to receive the same. Trust funds and property which remain unidentifiable and funds or property which are held for missing owners after being designated as such shall may, after diligent search and inquiry fails to identify the beneficial owner or owner’s address, be disposed of be reported to The Florida Bar with a request that The Florida-Bar-accept-such money or property and-hold-the-same in trust for the missing or unidentified-owners and for ultimate disposition as provided in chapter 717, Florida Statutes. I-f-The-F-lorida Bar declines to accept-the-subject money or property then within-one year after the money or property-is-designated as an unidentified-aGGumulation or being held *469 for missing owners — the—attorney shall petition the -circuit court for declaration of abandoned property as provided — in section 717.131, Florida Statutes, and serve a copy of the petition on- The-Florida Bar.
11.08
(5) Dismissal of pending disciplinary cases. If resignation is accepted under this rule, such resignation shall serve to dismiss all pending disciplinary cases. The resigned attorney may be then again admitted to-the-Bar upon application to and approval by the Board of Governors reinstated as a member of The Florida Bar in good standing pursuant to rule 11.11 and upon full compliance with any conditions required by the judgment which granted the leave to resign. A rejection of such application may be reviewed by petition to the Supreme Court.
(6) Reinstatement. In the case of a resignation submitted in connection with a disciplinary action, no readmission application a petition for reinstatement may not be filed until three years after the date of the Supreme Court order , which accepted such resignation or such additional time as the attorney may have stated in his petition to resign, nor until all costs in disciplinary cases that were dismissed because of the resignation have been paid by the applicant for readmission reinstatement. If an attorney’s petition to resign states that it is without leave to apply for readmission reinstatement permanently, such condition shall preclude any readmission reinstatement.
11.11
An attorney who has been suspended or has resigned for-cause pursuant to rule 11.08 may be reinstated to membership in The Florida Bar pursuant to this rule. The proceedings under this rule are not applicable to suspension for nonpayment of dues.
* ⅜ sfc * * *
(9) Judgment. If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him in The Florida Bar; provided, however, that the judgment may make such reinstatement conditional upon the making of partial or complete restitution to parties harmed by the petitioner’s misconduct which led to the suspension or resignation of his membership in The Florida Bar; and further provided, however, that if suspension or resignation of petitioner has continued for more than three years, the reinstatement may be conditioned upon the furnishing of such proof of competency as may be required by the Supreme Court, which proof may include certification by the Florida Board of Bar Examiners of the successful completion of an examination for admission to The Florida Bar subsequent to the date of suspension or resignation.
11.04
(7)Review of grievance committee action by the designated reviewer. A designated reviewer at any time may review the actions of a grievance committee and shall review those grievance committee actions referred to him in writing. If the designated reviewer disagrees with the grievance committee action, he shall make a report and recommendation to the Disciplinary Review Committee. In those matters referred in writing, by Bar 'headquarters staff counsel the designated reviewer shall make the report and recommendations within 21 days following the mailing date of the referral^ otherwise the grievance committee action shall stand.
These amendments will be effective immediately upon the filing of this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.

. This case was argued together with case nos. 65,877, 65,197, and 65,751. Case nos. 65,877 and 65,197 propose comprehensive revisions of the rules regarding The Florida Bar, and we have not yet completed reviewing those petitions. Opinions on those cases will be forthcoming.

. We reject the bar's proposed amendment to rule 11.08(5) which deletes petitioning this Court for review of a rejected application for reinstatement.